# United States District Court

RECEIVED & FILED IN OPEN COURT
ON 4-10-00 AT
FTL . FLA.
Carlos Juenke, Clerk
United States District Court
Southern District of Florida

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

HORTENCIA CAPELLAN

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4092-BSS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 8, 2000, in Broward county, in the Southern District of Florida defendant(s) did, (Track Statutory Language of Offense)

Knowingly and intentionally possess with intent to distribute cocaine

in violation of Title 21 United States Code, Section(s) 841(a)(1)

I further state that I am a(n) DEA Special Agent and that this complaint is based on the following facts:
Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof:  [x] Yes  [ ] No

Signature of Complainant
Dean Wolpert, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

April 10, 2000                        at   Ft. Lauderdale, Florida
Date                                        City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer

## **AFFIDAVIT**

I, Dean Wolpert, being first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for the past three months. Prior to becoming a DEA Agent, I was employed by the Fort Worth, Texas Police Department from 1994 until 1999. My responsibilities as a DEA Agent include the investigation of narcotics violations. As a DEA Agent, I have participated in numerous investigations involving the illegal trafficking of cocaine, heroin and marijuana in the United States.

2. The facts contained in this affidavit are based on my own personal knowledge, as well as observations and facts related to me by other law enforcement personnel as well as civilian personnel involved in this investigation.

3. On April 8, 2000, at approximately 7:00 pm., Detective Andy Weiman of the Broward County Drug Interdiction Unit, at Fort Lauderdale-Hollywood International Airport, was advised by a Confidential Source that HORTENCIA CAPELLAN had just arrived at the TWA ticket counter to check her bag. CAPELLAN had previously purchased a one-way, cash only ticket, for rapid departure to New York at Miami International Airport. The Confidential Source advised that CAPELLAN was acting nervously.

4. Detective Weiman located CAPELLAN in the Fort Lauderdale Airport's Terminal 3, Concourse F, in the vicinity of Gate 3. Detective Weiman advised CAPELLAN that he was a detective with the Fort Lauderdale Airport's Drug Interdiction Unit and asked CAPELLAN if he could speak with her. Detective Weiman advised CAPELLAN of the purpose of the Airport's Drug Interdiction Unit, and the Unit's various responsibilities in curbing narcotics smuggling at the Fort Lauderdale Airport.

5. Detective Weiman asked CAPELLAN for permission to see CAPELLAN's plane ticket. CAPELLAN voluntarily gave the ticket to Detective Weiman. Detective Weiman checked the ticket and discovered it was a one-way ticket to New York. Detective Weiman asked for and received CAPELLAN's consent to search her carry-on bag. The carry-on bag was full of clothes, toiletries and shoes. Detective Weiman then sought and received CAPELLAN's consent to search her checked bag. *The check number in the bag corresponded to the check number in her possession.*

6. Detective Welman located the checked bag and discovered that it was locked. Detective Welman contacted Broward Sheriff's Detective Richard Pisanti and requested that he obtain the combination for the locked bag from CAPELLAN. Pisanti met with CAPELLAN, identified himself as a member of the Fort Lauderdale Airport's Drug Interdiction Unit, and advised CAPELLAN that her checked bag was locked.

2

Detective Pisanti again asked CAPELLAN for permission to search the bag. CAPELLAN again consented and provided the combination to unlock the bag.

7. Upon unlocking the bag, Detective Weiman discovered ten (10) kilogram sized packages containing approximately 25 pounds of a white powdery substance, wrapped in a bedsheet and towels and covered with mustard. A field test on the substance tested positive for cocaine. CAPELLAN was read her Miranda rights, which she waived. CAPELLAN stated to law enforcement that it was not her cocaine in the bag.

WHEREFORE, your affiant believes there is probable cause to assert that HORTENCIA CAPELLAN did knowingly and intentionally possess with intent to distribute cocaine, in violation of Title 21, United States Code Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DEAN WOLPERT, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION


Sworn and subscribed to me
this _____ day of April, 2000.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

BOND RECOMMENDATION

<u>HORTENCIA CAPELLAN</u>
**DEFENDANT**

<u>PRETRIAL DETENTION</u> (Surety, Recognizance, Corp. Surety, Cash)
          (Jail)(On Bond) (Warrant)(Summons)
          (Marshal's Custody)

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Fla Bar No. 100765

**Last Known Address:**
_____

_____

_____

**What Facility:**
_____

_____

**Agent(s):**
          <u>Michael Bulgrin, DEA</u>
          (FBI)(SECRET SERVICE)(DEA)(CUSTOMS)(ATF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

**UNITED STATES OF AMERICA**

vs.

**HORTENCIA CAPELLAN,**

    **Defendant**
_____/

## CRIMINAL COMPLAINT COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ____ Yes   __X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____Yes   __X__ No

3. Has AUSA Richard Scruggs had supervisory authority over, or otherwise participated in, this case?
____ Yes  __X__ No

            Respectfully submitted,

            THOMAS E. SCOTT
            UNITED STATES ATTORNEY

BY: _____
            KATHLEEN RICE
            ASSISTANT UNITED STATES ATTORNEY
            Florida Bar Number 100765
            500 East Broward Boulevard, 7th Floor
            Fort Lauderdale, Florida  33394
            TEL (954)356-7255 ext. 3512
            FAX (954)356-7336

N:\udd\krice\forms\indictments\complaint\coversheet.CAPELLAN