UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6099-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HORTENCIA CAPELLAN,

    Defendant,

  and

I.F.I.C.,

    Corporate Surety,
  and

JUAN ABREU,

    Personal Surety.
_____/

**MOTION FOR REVOCATION AND ESTREATURE AND FOR ENTRY
OF A FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BONDS**

COMES NOW the Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, and moves this Court to revoke and estreat the appearance bonds and enter a Final Judgment of Forfeiture of Appearance Bonds in favor of plaintiff and against defendant Hortencia Capellan and I.F.I.C., corporate surety, in the amount of $150,000, against defendant Hortencia Capellan and personal surety, Juan Abreu, in the amount of $150,000 and against defendant Hortencia Capellan.  Plaintiff will rely in support



hereof upon the annexed Memorandum of Law.

**MEMORANDUM OF LAW**

**REQUEST FOR ESTREATURE**

1.  On April 24, 2000, defendant Hortencia Capellan and I.F.I.C., executed a corporate surety appearance bond on behalf of the defendant in the sum of $150,000 to guarantee the defendant's appearance as ordered by the Court.

2.  On April 24, 2000, defendant Hortencia Capellan and Juan Abreu executed a personal surety appearance bond on behalf of the defendant in the sum of $150,000 to guarantee the defendant's appearance as ordered by the Court.

3.  The defendant Hortencia Capellan has not honored the terms of the appearance bonds in that Hortencia Capellan failed to appear to pre-trial services as ordered by the court.

4.  An arrest warrant was issued and the defendant Hortencia Capellan remains a fugitive, but it does not formally appear from the record that an order revoking and estreating the appearance bonds was entered.

5.  The provisions of Fed. R. Crim. P. 46(e)(1), provide that: "If there is a breach of condition of a bond, the district Court shall declare a forfeiture of the bail." It has been held that the revocation or forfeiture required by these provisions is mandatory, even though it may later be set aside under the further provisions of Paragraph (e). United States v. Stanley, 601 F.2d

380 (9th Cir. 1979); Smith v. United States, 357 F.2d 486, 490 (5th Cir. 1966); Wright, Federal Practice & Procedure: Criminal 2d §776. No notice to the defendant or surety concerning the failure to appear or action for estreature is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. United States v. Vera-Estrada, 577 F.2d 598 (9th Cir. 1979); United States v. Marquez, 564 F.2d 379, 381 (10th Cir. 1977).

6.  Plaintiff therefore moves the Court to revoke and estreat the appearance bonds as to the defendant and sureties.

**REQUEST FOR BOND FORFEITURE JUDGMENT**

7.  The provisions of Fed. R. Crim. P. 46(e)(3) permit the Court, upon motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provide that the obligors on the bond submit to jurisdiction and irrevocably appoint the Clerk of Court their agent for service of process when they execute the bond.

8.  Upon the failure of any defendant to appear as directed by the Court, the provisions of 18 U.S.C. § 3146(d) permit the Court to declare forfeited to the United States any property posted or pledged to secure an appearance bond executed under the provisions of 18 U.S.C. §§ 3142(b), 3142(c)(1)(B)(xi) or (xii).

9.  It is clear that upon failure of a bailed defendant to appear as required, the surety becomes absolutely obligated to the

United States for the full amount of the bond, and that the government is not required in its motion to prove the amount of its expenses as a result of the breach. <u>United States v. Foster</u>, 417 F.2d 1254, 1256 (7th Cir. 1969); <u>United States v. Caro</u>, 56 F.R.D. 16, 20 (S.D. FL 1972); <u>Wright</u>, <u>Federal Practice and Procedure: Criminal 2d § 776</u>.

**WHEREFORE**, the United States of America moves this Court to enter a Final Judgment of Forfeiture of Appearance Bonds as to the aforesaid defendant and sureties in the sums of $150,000 as to the corporate surety and $150,000 as to the personal surety, together with interest as prescribed by 28 U.S.C. § 1961, and the costs of this action.

    Respectfully submitted,

    GUY A. LEWIS
    UNITED STATES ATTORNEY

BY: _____
    KATHLEEN RICE
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar No. 100765
    500 E. Broward Blvd., 7th Floor
    Ft. Lauderdale, Florida 33394
    Telephone (954) 356-7255, ext. 3512
    Fax No. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 3rd day of April, 2001, to: Hortencia Capellan, 1575 Townsend Ave. #5, Bronx, New York 10452; Gene Shryock, Agent for I.F.I.C., One Newark Center, 20th Floor, Newark, New Jersey 07102; Juan Arbreu, 1575 Townsend Ave., #5, Bronx, New York 10452; and Robert A. Rosenblatt, Esquire, 7695 S.W. 104th Street, 2nd Floor, Pinecrest, Florida 33156.

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY